Harris W. BRADLEY
and
Patricia G. Bradley, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 9013.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 24, 1963.

Decided Nov. 11, 1963.

Richard D. Obenshain and Carle E. Davis, Richmond, Va. (Thomas L. Newton, Jr., and McGuire, Woods, King, Gordon & Davis, Richmond, Va., on brief), for petitioners.

Alan D. Pekelner, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, on brief), for respondent.

Before BRYAN and BELL, Circuit Judges, and NORTHROP, District Judge.

NORTHROP, District Judge.

In this appeal, the Bradleys, petitioners herein, seek a reversal of a decision of the Tax Court of the United States affirming a determination of the Commissioner of Internal Revenue of a deficiency assessment against them in the amount of $1,955.56 for the year 1958. The Commissioner treated as ordinary income a payment of $5,000 made by Harris W. Bradley's employer as a guarantee on the loss incurred in the sale of the Bradley home in Wilmington, Delaware.

We affirm the Tax Court's decision.

Harris W. Bradley was, prior to May 1, 1957, employed by the duPont company. He and his family lived, and owned their own home, in Wilmington, Delaware.

On May 1, 1957, Bradley commenced new employment with E. R. Carpenter Company, Inc., as vice-president and technical director. His new position required that he move to Richmond, Virginia. He began efforts to sell his home and relocate his family in Richmond. He found, however, that he could not obtain a purchaser for his home in Wilmington at its estimated value of $22,000.00 to $24,000.00. His family therefore remained in Wilmington trying to sell the home, and Bradley traveled between Richmond, Virginia, and Wilmington, Delaware, each weekend.

E. R. Carpenter, president of the employing company, was not satisfied with the progress of the project which petitioner commanded. Carpenter felt that petitioner's anxiety over his inability to sell his home as well as his absence from his family, necessitating the weekend trips to Wilmington, had been having adverse effects on the petitioner's work. To insure Bradley's maximum contribution to the Richmond project, Carpenter agreed to reimburse him for the difference in the sale price of his home in Wilmington, Delaware, and $23,500.

On March 18, 1958, the Bradleys sold their Wilmington home for $18,500.00. On April 1, 1958, Bradley received a pay-

ment of $5,000.00 from the Carpenter company. The Commissioner included this amount in Bradley's gross income for the year 1958 and determined a deficiency in income tax paid for that year in the amount of $1,955.56.

The Bradleys contend the amount received should have been considered as part of the amount realized from the sale of the personal residence and given a capital treatment under subdivision (c), Section 1001 of the Internal Revenue Code of 1954 instead of ordinary income under paragraph 1 of Section 61(a) of that Code.

In an opinion by the Tax Court, three judges dissenting, it was decided that the $5,000.00 should be viewed as added compensation. The assessment of the deficiency levied by the Commissioner was affirmed. See Harris W. Bradley, 39 T.C. 64 (1963). In so holding, the majority of the Tax Court overruled Otto Sorg Schairer, 9 T.C. 549 (1947). The Tax Court in Schairer, supra, held that a payment made, under materially similar circumstances, was part of the "amount realized" from the sale as that term was used in Section 111 of the Internal Revenue Code of 1939, and not added compensation.

The Tax Court in Bradley, supra, claims that the vintage of Schairer makes it vulnerable since the conception of what constitutes income has been widened since the time Schairer was decided. That Court cites Commissioner of Internal Revenue v. Lo Bue, 351 U.S. 243, 76 S.Ct. 800, 100 L.Ed. 1142 (1956) and C. I. R. v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960) as authorities for this position. The Tax Court felt that the $5,000.00 was, in fact, added compensation given to an employee by an employer who paid the money as an incentive in hopes of obtaining more productive and fruitful work from the recipient.

■ In reviewing a decision of the Tax Court, in light of that body's expertise in such matters, we must keep its decisions undisturbed short of a "clear-cut mistake of law". Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248 (1943).

■ We agree with the Tax Court in its findings that the $5,000.00 payment was incentive income arising from an employer-employee relationship made to ensure petitioner's maximum contribution to the project he supervised by relieving his anxiety over the sale of his home. This payment constituted an economic benefit to the employee arising out of his employment. As such it should be treated as compensation to the petitioner. Commissioner of Internal Revenue v. Lo Bue, supra, 351 U.S. at 247, 76 S.Ct. at 803, 100 L.Ed. 1142.

The basis of the affirmation of the Tax Court's opinion should be confined to the scope of Section 61 (Internal Revenue Code, 1954), and the principles set forth in the Lo Bue and Duberstein cases. The intent of the payment was, in fact, to assure proper future work and the payment was not only guaranteed but paid with that motive.

The efforts by the government to distinguish Schairer and to advance analogies between this case and those involving problems of moving expense contributions and bargain purchases need not be considered.

Petitioners would have us follow Schairer and distinguish Lo Bue and Duberstein on their facts. Petitioners also advocate following the argument of the dissents in the Tax Court as they adhere to Schairer.

The argument in the dissenting opinions is, in the main, that the payment was entirely dependent on the outcome of the employee's capital transaction and was intended only as a guarantee against loss of the employee's capital and therefore not intended as added compensation. This argument is illusory. It goes without saying that the guarantee itself was not compensation. There came a time, however, when the promise of guarantee became a payment of money. We feel this payment, although related to the sale

price of the home, was an incentive payment and compensation to the taxpayer.

The Schairer case was correctly overruled by the majority of the Tax Court for the reasons stated above and in the Tax Court's opinion.

Affirmed.