*Decision will be entered under Rule 50.*

ERNEST A. PEDERSON, JR., AND DOROTHY J. PEDERSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 717–64. Filed May 2, 1966.

*Clifford Lane Whitehill,* for the petitioners.
*Joseph T. de Nicola,* for the respondent.

### OPINION

SCOTT, *Judge:* Respondent determined a deficiency in petitioners' income tax for the calendar year 1960 in the amount of $320.76. The issues for decision are:

(1) Whether the amount of $1,088 paid by the employer of one of petitioners as reimbursement for certain selling expenses incurred by

petitioners on the sale of their residence in Detroit, Mich., when one of petitioners was transferred to Minneapolis, Minn., is includable in petitioners' taxable income.

(2) Whether petitioners may deduct the entire amount of 1959 real property taxes which they paid in 1960 on their residence in Minnesota or whether they may deduct only the amount of such taxes allocable to the portion of the year 1959 during which they owned the property.

All of the facts are stipulated and are found accordingly.

Petitioners, Ernest A. Pederson, Jr., and Dorothy J. Pederson, husband and wife residing in Wayzata, Minn., filed their joint Federal income tax return for the taxable year 1960 with the district director of internal revenue for the district of Minnesota. Ernest A. Pederson, Jr. (hereinafter referred to as petitioner), has been employed by General Mills, Inc., since 1939. His employment with General Mills, Inc., started in Detroit, Mich., where he continued to work until his transfer by his employer to Minneapolis, Minn., in September of 1959. Petitioner was transferred for the convenience of his employer and at the request of his employer.

On September 8, 1959, petitioner purchased his present residence in Wayzata, Minn., for $23,900. Prior to petitioner's transfer to Minneapolis in September 1959, petitioners resided at 17180 Ardmore Avenue, Detroit, Mich. Petitioners sold their Detroit residence on January 18, 1960, for $15,000.

General Mills, Inc., in 1960 paid petitioner, as a reimbursement, for the selling expenses incurred on the sale of his Detroit residence as follows:

| | |
|---|---|
| Real estate commission or brokerage fee to O'Donnell-Madsen Co., Detroit, Mich | $900. 00 |
| Appraisals: | |
| John Fleming, Detroit, Mich | 20. 00 |
| John L. Beauchamp, Detroit, Mich | 25. 00 |
| Mortgage discharge penalty to Travelers Insurance Co., Detroit, Mich | 100. 00 |
| Title abstract check to Abstract Title & Guaranty Co., Detroit, Mich | 25. 00 |
| U.S. revenue stamp | 16. 50 |
| Filing fee for discharge of mortgage | 1. 50 |
| Total selling expenses reimbursed to petitioners in 1960 | 1, 088. 00 |

General Mills, Inc., also reimbursed petitioner for his and his family's expenses for travel, meals, and lodging en route from Detroit, Mich., to Minneapolis, Minn. Moving expenses incurred by petitioner as a result of his transfer were paid by General Mills, Inc., directly to the common carrier.

Real estate taxes for the calendar year 1959 payable in 1960, due in respect of the residence petitioner purchased on September 8, 1959, in

Wayzata, Minn., amounted to $492.52. These real estate taxes were paid by petitioner during the year 1960.

Petitioners did not include in the income reported on their 1960 income tax return any portion of the $1,088 reimbursement of selling expenses on their Detroit residence [1] and deducted the entire amount of the 1959 real estate taxes on their Minnesota residence which they paid in 1960. Respondent increased petitioners' income by the $1,088 reimbursement of selling expenses and disallowed $337.34 of the claimed $492.52 deduction for real property taxes on the Minnesota residence stating that the deduction was limited to $155.18 under section 164(d) of the Internal Revenue Code of 1954.

Petitioner contends that the $1,088 received from his employer as reimbursement of selling expenses on his Detroit residence should be considered as a part of the amount realized on the sale of his old house relying on *Otto Sorg Schairer*, 9 T.C. 549 (1947). In that case we held that the amount received by a taxpayer as reimbursement from his employer should be treated for tax purposes as part of the amount realized from the sale of the taxpayer's residence and not as additional compensation to the taxpayer. In *Harris W. Bradley*, 39 T.C. 652 (1963), affd. 324 F. 2d 610 (C.A. 4, 1963), we held that an amount paid by a taxpayer's employer in accordance with its guarantee against a loss by the taxpayer on the sale of his residence at a location where he had been previously employed by another company was income to the taxpayer. In so holding we rejected the taxpayer's argument that the payment by his employer should be considered as part of the amount realized on the sale of the house and stated:

he relies upon *Otto Sorg Schairer*, 9 T.C. 549 (1947), and argues that our opinion in that case is directly in point. Frankly, we find no practical distinction between *Schairer* and the instant case.

\* \* \* \* \* \* \*

Under the circumstances, we must decline to follow *Schairer*, \* \* \*

In *Willis B. Ferebee*, 39 T.C. 801 (1963), we held that an amount paid by an employer to reimburse his employee for the real estate commission paid on the sale of his home at the location where he was previously employed by another was income to the employee. Petitioner attempts to distinguish cases in which a new employer made the reimbursement of the loss from the sale of a house or of selling commissions from the situation in which the reimbursement is made by an old employer. The *Schairer* case involved the present employer directing an employee to move to a house close to his employment and we considered that case not to be distinguishable from the situation in *Bradley*. On the basis of *Harris W. Bradley*, *supra*, and *Willis B. Ferebee*,

---

[1] Petitioners showed a loss from the sale of the residence on their income tax return by using $15,000 as the sales price and $16,546 as the basis of the property.

*supra*, we hold that the $1,088 reimbursement to petitioner for selling expenses of his Detroit residence is income to petitioners.

Petitioner argues that because in Rev. Rul. 54–429, 1954–2 C.B. 53, respondent treats amounts paid by an employer to or on behalf of his employee for expenses of moving to a new station as not compensatory and therefore not includable in the employee's income, the reimbursement of brokerage fees and other selling expenses incurred because of the necessity of selling his house because of his transfer to Minnesota should be similarly considered. In effect, petitioner is contending that the position taken by respondent in Rev. Rul. 54–429, *supra*, should be extended to reimbursements in connection with the sale of a house when the sale is made because of the taxpayer's being required by his employer to move. In the *Bradley* and *Ferebee* cases we did not consider that such reimbursements should be treated the same as moving expenses for had we taken this view we would have distinguished not overruled the *Schairer* case. We consider the instant case to be indistinguishable in principle from the *Bradley* and *Ferebee* cases and on the basis of our holdings in those cases sustain respondent in his inclusion of the $1,088 reimbursement in petitioners' income.[2]

Section 164(a) provides for the deduction of State and local real property taxes paid or accrued during the taxable year.[3] Section 164(c)(2),[4] however, denies to a taxpayer the deduction for taxes on real property to the extent they are treated as imposed on another taxpayer by subsection (d) of section 164. Section 164(d) provides for allocation of taxes between seller and purchaser for any real property tax year in which property is sold.[5]

---

[2] In considering H.R. 8363, 88th Cong., 2d Sess., the legislation which culminated in the Revenue Act of 1964, which added to the Revenue Code the provision for certain deductions of moving expenses (sec. 217, I.R.C. 1954) the Committee on Finance, U.S. Senate, proposed an amendment to the House bill which treated reimbursements for selling expenses and market value losses as part of the proceeds of the sale of the old residence if the sale occurred because an employee was transferred to a new place of work. S. Rept. No. 830, to accompany H.R. 8363, 88th Cong., 2d Sess., pp. 129, 259 (1964). This provision was deleted in conference, Conf. Rept. No. 1149, 88th Cong., 2d Sess., pp. 1, 49.

[3] SEC. 164. TAXES.

(a) GENERAL RULE.—Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

(1) State and local, and foreign, real property taxes.

[4] SEC. 164(c). DEDUCTION DENIED IN CASE OF CERTAIN TAXES.—No deduction shall be allowed for the following taxes:

\*       \*       \*       \*       \*       \*       \*

(2) Taxes on real property, to the extent that subsection (d) requires such taxes to be treated as imposed on another taxpayer.

[5] SEC. 164(d). APPORTIONMENT OF TAXES ON REAL PROPERTY BETWEEN SELLER AND PURCHASER.—

(1) GENERAL RULE.—For purposes of subsection (a), if real property is sold during any real property tax year, then—

(A) so much of the real property tax as is properly allocable to that part of such year which ends on the day before the date of the sale shall be treated as a tax imposed on the seller, and

(B) so much of such tax as is properly allocable to that part of such year which

The facts show that petitioners paid the $492.52 of 1959 State or local real estate taxes in 1960 with respect to the house they purchased in Minnesota on September 8, 1959. The only question is whether the deduction is limited to a fraction of the amount petitioners paid in 1960 under the provisions of section 164 (c) and (d). Section 164(d) was a new provision in the 1954 Code. Its purpose was to permit a purchaser to deduct a prorata share of real property taxes assumed under the purchase contract where the tax was imposed by law on the seller as a personal liability or a lien for the tax had attached to the property prior to its sale.[6]

The provisions of section 164(d) are applicable when real property is sold during any "real property tax year." Section 1.164–6(c) of respondent's regulations provides that the term "real property tax year" refers to the period which, under the law imposing the tax, is regarded as the period to which the tax imposed relates. The period which under the law of Minnesota is regarded as the period to which the real property tax imposed relates is the calendar year. See *Merle-Smith* v. *Minnesota Iron Co.*, 195 Minn. 313, 262 N.W. 865 (1935). Under Minnesota law a lien for real estate taxes arises on May 1 in the year for which the taxes are levied. *Merrimac Mining Co.* v. *Cross*,

---

begins on the date of the sale shall be treated as a tax imposed on the purchaser.

(2) SPECIAL RULES.—

    (A) In the case of any sale of real property, if—

        (i) a taxpayer may not, by reason of his method of accounting, deduct any amount for taxes unless paid, and

        (ii) the other party to the sale is (under the law imposing the real property tax) liable for the real property tax for the real property tax year,

then for purposes of subsection (a) the taxpayer shall be treated as having paid, on the date of the sale, so much of such tax as under paragraph (1) of this subsection, is treated as imposed on the taxpayer. For purposes of the preceding sentence, if neither party is liable for the tax, then the party holding the property at the time the tax becomes a lien on the property shall be considered liable for the real property tax for the real property tax year.

[6] In this respect the report of the Committee on Ways and Means, H. Rept. No. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. A45, explains:

"Subsection (d) is a new provision for treatment of current taxes on real property. Under *Magruder* v. *Supplee* (316 U.S. 394 (1942)), a purchaser may not deduct a pro rata share of real property taxes assumed under the purchase contract if the seller was personally liable for the tax and a lien had attached to the property prior to the sale. Subsection (d) treats the purchaser, for tax purposes, as the person upon whom the tax is imposed for the portion of the real property tax year beginning on the date of the closing of the sale. The seller is the person upon whom the tax is imposed for the portion of the period preceding date. * * *

"The new provision will enable the purchaser and seller to deduct when paid or accrued, whichever is appropriate under the taxpayer's method of accounting, the portion of the tax treated as imposed upon him. If, however, the taxpayer uses the cash receipts and disbursements method and hence cannot deduct any amount for taxes until paid, and if the other party to the sale is personally liable for the tax, the taxpayer is considered to have paid, at the time of the sale, the portion of the tax treated under this subsection as imposed upon him. If neither party is personally liable for the tax, the rule also applies if the other party holds the property at the time that the tax becomes a lien. These rules will permit the cash basis taxpayer to obtain the benefits of this subsection even though he does not make the actual tax payment and there will be no necessity to determine when the tax is in fact paid."

S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., pp. 196–197, contains this same comment.

12 N.W. 2d 506, 511.[7]  Real property taxes are due and payable on the first Monday in January of the succeeding year.  Minn. Stat. Ann., sec. 276.01.  Since the real property taxes paid in the year 1960 by petitioners were those levied in respect of the calendar year 1959, the year 1959 is the "real property tax year" with respect to the property which was sold to petitioners in the year 1959 as that term is used in section 164(d).  Therefore, section 164(d) governs the amount of the 1959 real property taxes which petitioners are entitled to deduct.  Section 164(d) limits the deduction by petitioners to the portion of the tax allocable to that part of the year which begins on the date they purchased the property even though petitioners in 1960 paid the entire real property taxes for the year 1959.

Petitioners rely upon language in respondent's regulations to sustain their position.  They point to the statement in section 1.164–6(d)(3), Income Tax Regs., that: "Where the tax is not a liability of any person, the person who holds the property at the time the tax becomes a lien on the property shall be considered liable for the tax."  Petitioners contend that as owners of the property on January 1, 1960, they were responsible for any liens against the property and under the wording of this provision of the regulations are considered liable for the tax.

Petitioners misconstrue the provision of the regulations on which they rely.  Section 164(d)(2) to which this regulation applies provides special rules for a taxpayer who because of his method of accounting may not deduct any tax unless paid.  This section does not supersede the provisions of section 164(d)(1) with respect to the portion of the tax for the year of sale which is to be treated as imposed on the seller and the purchaser.  If petitioners, who actually paid the tax, were the parties who were liable for the tax under section 164(d)(2) then the section is not applicable to them at all because the condition stated in that section that "the other party to the sale is * * * liable for the real property tax" has not been met.  If petitioners are not the party "liable for the real property tax" under section 164(d)(2), they are nevertheless deemed to be the persons on whom the proportion of the tax specified in section 164(d)(1) is imposed.

Section 164(d)(2) could under proper circumstances operate to permit a cash basis taxpayer to deduct his allocable portion of a real estate tax which he had not actually paid.  However, the facts here show that petitioners did pay the entire $492.52 of the 1959 real property taxes on their Minnesota residence so that petitioners are not precluded

---

[7] Sec. 272.31, Minn. Stat. Ann., provides: "The taxes assessed upon real property shall be a perpetual lien thereon, and on all structures and standing timber thereon and on all minerals therein, from and including May first in the year in which they are levied, until they are paid; but, as between grantor and grantee, such lien shall not attach until the first Monday of January of the year next thereafter."

from taking the deduction of the tax because they have not "paid" the tax. The reason the amount of petitioners' deduction is less than the full amount of the 1959 taxes on the property is that under section 164(d)(1) only the percentage of the 1959 tax applicable to the number of days they held the property during the year 1959 is considered as imposed on them.

We sustain respondent in his partial disallowance of petitioners' claimed deduction for real estate taxes.

*Decision will be entered for respondent.*