Winston E. and Lelia B. McNutt v. Commissioner.
McNutt v. Commissioner
Docket No. 4634-66.
United States Tax Court
T.C. Memo 1968-198; 1968 Tax Ct. Memo LEXIS 101; 27 T.C.M. (CCH) 964; T.C.M. (RIA) 68198; September 5, 1968. Filed Winston E. McNutt, pro se, 528 Shady Way Dr., Dallas, Tax. Daniel A. Taylor, Jr., for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' joint Federal income tax for 1962 of $341.48. The only issue for decision is whether petitioners are required to include in their gross 965 income $1,500 received from petitioner-husband's employer as partial reimbursement of a loss incurred upon the sale of petitioners' personal residence. Findings of Fact Some of the facts are stipulated and are so found. The stipulation and exhibits thereto are incorporated herein by reference. Petitioners Winston E. McNutt and Lelia B. McNutt, husband and wife, were legal residents of Dallas, Texas, when their petition was filed. They filed a joint Federal *102 income tax return for the taxable year 1962 with the district director of internal revenue at Atlanta, Georgia. Lelia B. McNutt is petitioner herein solely by reason of having filed a joint return with her husband. Winston E. McNutt will sometimes hereinafter be referred to as "petitioner." Throughout the taxable year 1962, as well as for eight earlier years, petitioner was employed by The Sperry & Hutchinson Company (hereinafter S & H) in Fort Worth, Texas, where petitioner owned a personal residence at 2705 Fuller Street. In February 1962, S & H requested petitioner to transfer from S & H's office in Fort Worth to its office in Atlanta; petitioner so transferred in March 1962. S & H advised petitioner at the time of the request that S & H would reimburse him for at least part of his loss, if any, upon the sale of his Fort Worth residence and for a real estate broker's fee. S & H and petitioner negotiated concerning the asking price for the residence; S & H and petitioner agreed that the residence would be listed for sale at a price of $12,750. When it became apparent that a purchaser could not be found at that price, the price was reduced to $12,250, with S & H's permission. *103 On May 28, 1962, petitioner sold his Fort Worth residence for $11,313.19, the purchaser paying $700 in cash and assuming an existing encumbrance in the then amount of $10,613.19. Petitioner handled the transaction without incurring a broker's fee but incurred other expenses to the extent of $90.98 as costs of sale. Petitioner's adjusted basis in the property was $15,175. In June 1962, petitioner received a payment of $1,500 from S & H pursuant to the company's agreement to partially reimburse petitioner for his loss upon the sale. Petitioner did not include in the income reported on his 1962 joint income tax return any portion of the $1,500 reimbursement of loss on the sale of his residence. In a notice of deficiency dated May 17, 1966, respondent determined that the $1,500 received by petitioner from S & H by reason of the loss on the sale of his Fort Worth residence was includable in his taxable income for 1962. Opinion Respondent determined that $1,500, received by petitioner in 1962 from his employer by reason of the loss incurred on the sale of his personal residence, was includable in petitioner's gross income. Petitioner, contending that the $1,500 is nontaxable, *104 relies upon Otto Sorg Schairer, 9 T.C. 549 (1947), in which we held that reimbursements by an employer of loss on sale of an employee's residence incurred as a result of transfer to a new location were to be treated for tax purposes as part of the amount realized from the sale of the residence and not as additional compensation. These positions of the parties pose the issue we must decide. In Harris W. Bradley, 39 T.C. 652 (1963), affd. 324 F. 2d 610 (C.A. 4, 1963), we declined, on reconsideration of the problem, to follow the Schairer rule and concluded that reimbursements of this character were "incentive compensation" by the employer. The rationale supporting our position in Bradley and subsequent decisions is based on the broad concept of "compensation" under section 61 of the Internal Revenue Code of 1954, i.e., compensation includes any economic or financial benefit conferred to secure better services. Clearly the partial reimbursement received by petitioner for the loss on the sale of his residence was a financial benefit. It is also evident from the record that S & H's agreement to make up any deficit on the *105 house sale was an inducement for petitioner to transfer to a new location, i. e., a benefit conferred to secure better services. Petitioner attempts, as have other taxpayers, to distinguish decisions in which reimbursements of a loss from the sale of a house or of selling commissions were made by a "new" employer from those in which an "old" employer made the reimbursement. We did note in Willis B. Ferebee, 39 T.C. 801 (1963), that courts have upheld such a distinction between "old employees" and "new employees" in 966 situations involving moving expenses. But we have explicitly rejected this distinction where the reimbursement is of the loss from the sale of a house or of selling commissions. Ernest A. Pederson, Jr., 46 T.C. 155, 157-158 (1966); see Harris W. Bradley, supra, at 655; cf. also Ritter v. United States, 393 F. 2d 823 (Ct. Cl. 1968), petition for certiorari filed July 18, 1968. In both situations reimbursement is both a benefit to the employee and an inducement or incentive to him to move to a new location and, thus, compensatory. Petitioner also attempts to distinguish cases in which reimbursement is made of *106 a loss from the sale of a house from decisions in which reimbursement is made of selling commissions. Here, too, we have held that the two situations are indistinguishable in principle. Ernest A. Pederson, Jr., supra, at 158; see Willis B. Ferebee, supra, at 804. All these cases, decided subsequent to our overruled Schairer opinion, compel the conclusion that payment of the sum of $1,500 by S & H to partially reimburse petitioner for his loss upon the sale of his Fort Worth residence constitutes the receipt of compensation from his employer, and is, thus, includable in his gross income for the taxable year 1962. Decision will be entered for the respondent.