JOSEPH T. LEX and BARBARA J. LEX, EVERETT V. EDER, JR. and JEAN E. EDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lex v. Commissioner
Docket No. 2568-77.
United States Tax Court
T.C. Memo 1979-114; 1979 Tax Ct. Memo LEXIS 405; 38 T.C.M. (CCH) 523; T.C.M. (RIA) 79114; March 29, 1979, Filed Joseph T. Lex, for the petitioners. Joseph R. Peters, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies *406 in the respective amounts of $524.25 and $792.03 in the Federal income taxes of petitioners Everett V. and Jean E. Eder and of petitioners Joseph T. and Barbara J. Lex for the calendar year 1973. One of the issues raised by the pleadings has been conceded by respondent, leaving the following for our decision: 1. Whether, under section 164, I.R.C. 1954, [1] the total amount of real estate taxes paid in 1973 for the entire year 1972 on a parcel of real estate purchased at a sheriff's sale in November 1972 is deductible, one-half each by petitioners Lex and petitioners Eder in 1973; 2. Whether as of August 19, 1971, the useful life of certain rental property owned by Joseph T. and Barbara J. Lex was less than the 33-1/3 years determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Joseph Lex and Barbara Lex, husband and wife, who resided in West Allis, Wisconsin at the time of the filing of their petition in this case, filed a joint Federal income tax *407 return for the calendar year 1973 with the Internal Revenue Service Center in Kansas City, Missouri. Petitioners Everett Eder and Jean Eder, husband and wife, who resided in West Allis, Wisconsin at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1973 with the Internal Revenue Service Center in Kansas City, Missouri. Petitioners Lex and Eder acquired through a purchase at a sheriff's sale on November 27, 1972, a six-unit apartment building located at 8837 W. Morgan Street, Milwaukee, Wisconsin. Prior to the sale the building was in the custody of a receiver. The receiver had paid a balance due on the 1970 real estate taxes and the 1971 real estate taxes on the Morgan Street property. The 1972 real estate taxes in the amount of $4,241.96 were paid by petitioners Lex and Eder on January 3, 1973. Petitioners Lex and Eder each deducted on his Federal income tax return for the year 1973 as taxes paid $2,121, representing one-half of the real estate taxes on the Morgan Street property paid for the year 1972. In his notice of deficiency to each petitioner Lex and petitioner Eder, respondent disallowed the deduction *408 claimed for 1972 real estate taxes on the Morgan Street property with the following explanation: The deduction claimed for real estate taxes for the rental property located at 8837 West Morgan Avenue, Milwaukee, Wisconsin, does not fall within the purview of Section 164 of the Internal Revenue Code. It is determined that the payment represents satisfaction of the outstanding real estate liability of a prior owner. Thus, the deduction claimed does not constitute an ordinary and necessary business expense, as the expenditure represents part of your purchase price of the property, and as such the payment is a capital expenditure under Section 263 of the Internal Revenue Code. Accordingly, your taxable income is increased by $2,121.00. At the trial, counsel for respondent conceded that petitioner Lex and petitioner Eder were each entitled to deduct in 1973 approximately one-twelfth (actually 35/365) of one-half of the 1972 taxes on the Morgan Street property. Petitioner Joseph Lex purchased a two-story, four-unit apartment building located at 1542 South 97th Street on August 19, 1971. Mr. Lex resided in one of the apartments during *409 the year in issue herein. At the time of its purchase, the 97th Street property was two or three years old. The building was a wood frame building, with brick facing on the first floor exterior and aluminum siding on the second floor. The aluminum siding has been damaged by winds and repaired three times. The building had an asphalt driveway and parking lot, which Mr. Lex had to have repaved in 1977. The gutters have had to be resoldered, and the soldering joints are nevertheless showing signs of weakening. The 97th Street building has a basement. A single boiler provides heat for the entire building. The heat in the individual units is controlled by zone valves, which Mr. Lex has had to replace. Each unit has its own hot water heater. A commercial washer and dryer and four small storage areas are in the basement. Prior to becoming a lawyer, Mr. Lex had worked as a mason, a roofer, and a construction laborer. He is a good handyman, who takes pride in his apartments and tries to keep them in good repair. The structures in the area surrounding the 97th Street property are residential dwellings, mostly single-family, generally 40 to 50 years old. The 97th Street property *410 is in a stable neighborhood in a desirable part of Milwaukee County. On their Federal income tax return for 1973 the Lexes computed the deductible depreciation on the 97th Street apartment building, using a useful life of 25 years from the date of acquisition of the building on August 19, 1971. In his notice of deficiency, respondent determined that the 97th Street property had a useful life of 33-1/3 years from the date of its acqusition by Mr. Lex and on this basis disallowed in part petitioners' claimed deduction for depreciation on the 97th Street property. OPINION Section 164(a) provides for the deduction of real estate taxes paid or accrued during the taxable year. Section 164(d)[2] provides that for the purposes of section 164(a), if property is sold during any "real property tax year" then the real estate taxes are apportioned between seller and buyer in proportion to the number of days each held the property. Section 1.164-6(c), Income Tax Regs., provides that "the term 'real property tax year' refers to the period which, under the law imposing the tax, is regarded as the period to which the tax imposed relates." In Wisconsin, the "real property tax year" is the *411 calendar year. Agaard v. Commissioner,56 T.C. 191, 208 (1971). Accordingly, each of petitioners' deductions for real property taxes with respect to the Morgan Avenue property is limited by section 164(d) to his share of such taxes proportionate to the part of 1972 during which he was owner of the property. Petitioners contend that their purchase of the Morgan Avenue property resulted from a forced sale, not from an arm's-length sale. Section 164, petitioners assert, was not intended to govern such a transaction. Petitioners cite *412 no authority for such a proposition, and we have found none. [3] Petitioners further argue that section 164 assumes that the seller is entitled to a deduction for his pro rata portion of the real estate taxes. Petitioners contend that in this case the seller is the sheriff and that the sheriff is not entitled to a deduction for a portion of the taxes. For this reason, petitioners argue that they must be entitled to a deduction for the full amount of the taxes. We do not accept petitioners' position that the seller of the property is the sheriff rather than the receiver for whom the property was sold. However, even if the seller is considered to be the sheriff, petitioners are not entitled to deduct the entire 1972 taxes which they paid. A purchaser-taxpayer who pays all of the real estate taxes on a parcel of property for the year of sale is nevertheless entitled to a deduction for only the portion of the taxes relating to his period of ownership, even though the seller would not be entitled to a deduction for the taxes for his period of ownership. See Pederson v. Commissioner,46 T.C. 155 (1966). *413 The second issue is the useful life of the 97th Street apartment building. Petitioner Lex contends that the building has a useful life of 25 years from the time he acquired it in 1971. Respondent takes the position that the building's useful life is not less than the 33-1/3 years from that date as determined in the notice of deficiency. Respondent's determination is presumed to be correct, and petitioners bear the burden of showing error in that determination. The 97th Street apartment building is located in a stable, desirable residential neighborhood. Mr. Lex has maintained it in good repair. Respondent's expert witness found the building to be well constructed with no visual defects. Rev. Proc. 72-10, 1972-1 C.B. 721, 731, lists a 40-year guideline life for apartments. Petitioner has failed to establish that respondent's determination of a useful life of 33-1/3 years from the date the building was acquired on August 19, 1971, is erroneous. To reflect concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here involved.↩
2. Section 164(d)(1)(A) and (B) provides as follows: SEC. 164. TAXES. * * *
(d) Apportionment of Taxes on Real Property Between Seller and Purchaser.-- (1) General rule.--For purposes of subsection (a), if real property is sold during any real property tax year, then-- (A) so much of the real property tax is properly allocable to that part of such year which ends on the day before the date of the sale shall be treated as a tax imposed on the seller, and (B) so much of such tax as is properly allocable to that part of such year which begins on the date of the sale shall be treated as a tax imposed on the purchaser.↩
3. Rev. Rul. 72-237, 1972-1 C.B. 51, holds that where indefeasible title to real property is acquired at a foreclosure sale, the purchaser is entitled to deduct the pro rata part of real estate taxes as provided for in sec. 164(d), I.R.C. 1954↩. We agree with the logic of this holding in this Rev. Rul.