MARVIN M. WANGRUD, THELMA A. WANGRUD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wangrud v. Commissioner
Docket No. 8074-78.
United States Tax Court
T.C. Memo 1980-162; 1980 Tax Ct. Memo LEXIS 432; 40 T.C.M. (CCH) 306; T.C.M. (RIA) 80162; May 5, 1980, Filed *432 (1) Held, it has long been settled that income includes compensation for personal services. Held, further, the deficiencies determined by the Commissioner are sustained since Ps offered no evidence to refute them. (2) Held, Ps are each liable for additions to tax under sec. 6651(a), I.R.C. 1954, since their failure to file tax returns was not due to reasonable cause. (3) Held, Ps are each liable for additions to tax under sec. 6653(a), I.R.C. 1954, since their underpayments of tax were due to negligence. (4) Held, Ps are each liable for additions to tax under sec. 6654, I.R.C. 1954, since they failed to pay estimated tax. Marvin M. Wangrud, pro se. Jan R. Pierce, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: In his notices of deficiency, the Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Marvin M. Wangrud
Additions to Tax
Sec. 6653(b)
Sec. 6654
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
1971
$2,125.60
$1,062.80
$ 68.02
1972
2,488.72
1,244.36
79.64
1973
3,180.83
1,590.41
101.78
1974
3,029.42
1,514.71
96.94
1975
3,291.48
1,645.74
162.92
*434 Thelma A. Wangrud
Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
1971
$1,540.60
$385.15
$ 77.03
$ 49.30
1972
1,813.72
453.43
90.69
58.04
1973
2,316.83
579.20
115.84
74.14
1974
1,986.62
496.65
99.83
63.57
1975
2,177.58
544.39
108.87
107.78
The Commissioner has conceded that the petitioner Marvin M. Wangrud is not liable for the additions to tax under section 6653(b), but he maintains that such petitioner is liable for the additions to tax under sections 6651(a) and 6653(a). The issues to be decide are: (1) Whether there is merit to the petitioners' contention that compensation for services is not income; and (2) whether the petitioners are liable for additions to tax under section 6651(a), relating to late filing of tax returns, under section 6653(a), relating to underpayment of tax due to negligence or intentional disregard of rules and regulawtions, and under section 6654, relating to underpayment of estimated tax. FINDINGS OF FACT
*435 The petitioners, Marvin M. and Thelma A. Wangrud, husband and wife, resided in Milwaukie, Ore., when they filed their petition in this case. For 1971 and 1972, Mr. and Mrs. Wangrud filed Forms 1040 with the Internal Revenue Service, but such forms contained no information concerning their incomes or deductions for such years. Mr. and Mrs. Wangrud filed no forms for the years 1973, 1974, and 1975. During the years in issue, the petitioners resided in California, a community property State. There, Mr. Wangrud earned substantial compensation as an insurance agent, and he and Mrs. Wangrud received small amounts of rental, dividend, and interest income. In his notice of deficiency sent to Mr. Wangrud, the Commissioner determined that Mr. Wangrud was liable for Federal income taxes under section 1 on one-half of all the income received by him and his wife and that he was liable for self-employment taxes under section 1401 on his income as an insurance agent. He also determined that Mr. Wangrud was liable for additions to tax under section 6653(b) for an underpayment of tax due to fraud and under section 6654 for underpayment of estimated tax. In his notice of deficiency sent to *436 Mrs. Wangrud, the Commissioner determined that Mrs. Wangrud was liable for Federal income taxes under section 1 on the other one-half of the income of her and her husband. He also determined that she was liable for additions to tax under section 6651(a) for failure to file returns, under section 6653(a) for an underpayment of tax due to negligence or intentional disregard of rules and regulations, and under section 6654 for underpayment of estimated tax. At trial, the Commissioner conceded the issue of the addition to tax under section 6653(b) with respect to Mr. Wangrud and was permitted to amend his answer in order to allege that Mr. Wangrud was liable for additions to tax under sections 6651(a) and 6653(a). OPINION The petitioners have the burden of proving the deficiencies determined by the Commissioner to be incorrect. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Here, the petitioners offered no evidence to rebut the Commissioner's determinations.Instead, they merely argue that compensation for personal services, such as Mr. Wangrud received in his insurance business, does not constitute income. However, *437 section 61 specifically provides that gross income includes "compensation for services, including fees, commissions, and similar items." The courts have repeatedly held that compensation in whatever form constitutes taxable income. Commissioner v. Duberstein,363 U.S. 278 (1960) (payment for services taxable compensation); Commissioner v. LoBue,351 U.S. 243 (1956) (employee stock options); Old Colony Trust Co. v. Commissioner,279 U.S. 716 (1929) (payment of employee's income taxes by employer); Bradley v. Commissioner,324 F. 2d 610 (4th Cir. 1963), affg. 39 T.C. 652 (1963) (employee incentive payments); Roberts v. Commissioner,176 F. 2d 221 (9th Cir. 1949), affg. 10 T.C. 581 (1948) (tips); Hornung v. Commissioner,47 T.C. 428 (1967) (employee's free use of an automobile); Laurie v. Commissioner,12 T.C. 86 (1949) (illegal salary payments). It is clear that the petitioners' contention haws no merit, and therefore, we sustain the deficiencies. We deal next with the additions to tax. With respect to the additions set forth in the *438 notices of deficiency, the petitioners have the burden of proving that such additions were improperly imposed, except for the additions under section 6653(b), for which the Commissioner has conceded there is no liability. Enoch v. Commissioner,57 T.C. 781 (1972); Reaver v. Commissioner,42 T.C. 72 (1964); O'Donohue v. Commissioner,33 T.C. 698 (1960). The petitioners produced no evidence that they are not liable for the additions. Their sole argument against the additions is that there were no deficiencies; but as we have sustained the deficiencies determined by the Commissioner, the petitioners' argument has no merit. Accordingly, we approve the additions to tax set forth in the notices of deficiency. As for the additions under sections 6651(a) and 6653(a) determined by the Commissioner in his answer, the Commissioner concedes he has the burden of establishing that Mr. Wangrud was liable for such additions. See Rule 142(a), Tax Court Rules of Practice and Procedure; Nicholson v. Commissioner,32 B.T.A. 977 (1935), affd. 90 F. 2d 978 (8th Cir. 1937). Section 6653(a) provides for an addition to *439 tax for an underpayment due to negligence or intentional disregard of rules and regulations. Mr. Wangrud's failure to report his income as an insurance agent subjects him to this addition unless his failure was the result of a "bona fide dispute" as to the taxability of such income. See Scott v. Commissioner,61 T.C. 654, 663 (1974). Section 6651(a) provides for an addition to tax for failure to file timely returns. The Forms 1040 filed by Mr. Wangrud for 1971 and 1972 did not constitute returns within the meaning of section 6012 since they disclosed no information as to his income or deductions. Hatfield v. Commissioner,68 T.C. 895 (1977). Mr. Wangrud is liable for this addition to tax unless by the exercise of ordinary prudence, he could not have determined that he was required to file returns. See BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976). Mr. Wangrud's sole stated reason for filing no returns and paying no tax was his belief that he had no "income." Such belief does not, by any means, result in a "bona fide dispute" as to his tax liability. It is well settled that his compensation constitutes income, and it is *440 clear that he had no genuine grounds for believing otherwise. Moreover, even if he is genuine in his belief that compensation should not be treated as income for tax purposes, the question is by now too well settled to be the subject of a "bona fide dispute." See American Properties, Inc. v. Commissioner,28 T.C. 1100, 1116 (1957), affd. per curiam 262 F. 2d 150 (9th Cir. 1958). Similarly, there is no doubt that by the exercise of ordinary prudence, Mr. Wangrud could have determined that his conception of income had no basis and would not relieve him of the obligation to file returns. We conclude that the record amply supports the additions to tax determined by the Commissioner, and we therefore sustain the additions to tax. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩